# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHANEL, INC.,**
                       **Plaintiff,**

**-vs-**                                                **Case No.  6:07-cv-1204-Orl-19DAB**

**HAROLD E. SMITH a/k/a/ HAROLD SMITH a/k/a HAL SMITH
a/k/a HAL E. SMITH a/k/a H.E. SMITH a/k/a HOWELL SMITH,
d/b/a  123Replica.com d/b/a Thefakethings.com d/b/a The Fake
Things, Inc., d/b/a Ledinternational.com d/b/a Led Lights Int'l
d/b/a Hes Merchant Services d/b/a MPH Marketing, DOES 1-10,**
                       **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR ENTRY OF CLERKS DEFAULT (Doc. No. 11)**
>
> **FILED:** April 8, 2008
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice, for failure to establish adequate service.

The papers reflect that Plaintiff has had difficulty in serving Defendant with process in this action. *See* Doc. No. 10. According to the Complaint, "upon information and belief" Defendant resides in this district at 240 Windsor Drive in Kissimmee, as well as 1709 Lafayette Avenue in Lebanon, Indiana.. The returns of service indicate that personal service was not had on Defendant at either of these locations; rather, Plaintiff apparently mailed a copy of the summons and complaint to the Indiana address and relies on that "service" in his motion for entry of default. The Court finds that proper service has not been established on this record, and therefore the motion is **denied.**

It is axiomatic that the Court can only enter judgment against a party properly before the Court and, assuming that the Court has jurisdiction over the action and the parties, that is accomplished through appropriate service of process or waiver of same. Pursuant to Fed. R. Civ. P. 4(e), Plaintiff can effect service in any judicial district of the United States by adhering to either 1) the law of the state in which the district court is located, or in which service is effected, or 2) by delivering a copy of the summons and complaint to the individual personally or by leaving copies at the individual's dwelling house with some person of suitable age or discretion residing therein or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process.[1]

As this Court is located in Florida and service was allegedly "effected" in Indiana, Plaintiff must show that service was sufficient either under Florida, Indiana or federal law. Both Florida and the federal rule provide essentially the same procedure – personal service on the individual or delivery to the usual place of abode. *See*; Fla. Stat. § 48.031. Thus, absent any waiver, Plaintiff was required to show that service was had either by personal delivery or by delivery to an appropriate person at Plaintiff's place of abode, in order to be effective under federal or Florida law. Such did not occur.

Indiana law provides as follows:

Trial Rule 4.1. Summons: Service on Individuals
(A) In General.
Service may be made upon an individual, or an individual acting in a representative capacity, by:
(1) sending a copy of the summons and complaint by registered or certified mail or other public means by which a written acknowledgment of receipt may be requested and obtained to his residence, place of business or employment *with return receipt requested and returned showing receipt of the letter*; or
(2) delivering a copy of the summons and complaint to him personally; or

---

[1] *See also* Rule 4(h), with respect to service on a corporate defendant.

   (3) leaving a copy of the summons and complaint at his dwelling house or usual place of abode.
   (4) serving his agent as provided by rule, statute or valid agreement.

Indiana Trial Rule 4.1 (emphasis added).

  Here, the proof of service states that the summons and complaint was deposited in "the United States mail via Certified Mail Return Receipt Requested" addressed to Defendant at 1709 Lafayette Ave. Lebanon, Indiana. No return receipt showing receipt of the document is proffered, however, and there has been no showing that, in fact, the address provided is Defendant's residence, place of business or employment (the Complaint alleges an Indiana residence only "upon information and belief," and the process servers notes indicate numerous visits to the address where no activity was observed.). Moreover, to the extent this Defendant is not a Florida resident but is, in fact, a resident of Indiana, the allegations of the Complaint do not appear to be sufficient to establish this Court's jurisdiction.[2]

  Absent proof of service, and absent a showing that this Court has jurisdiction over this Defendant and this action, the motion is **denied.**

  **DONE** and **ORDERED** in Orlando, Florida on April 10, 2008.

                *David A. Baker*
                DAVID A. BAKER
                UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The Complaint conclusorily asserts that the Court has personal jurisdiction over Defendant "since Defendants may be found conducting business in this District through various fully interactive Internet websites. . ." (Allegation 1).